UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| **IN RE APPLICATION OF PV GROUP LIMITED FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782** | Case No. 18-mc-376 |

------------------------------------------------------------------X

# ORDER

THIS MATTER having been brought before the Court pursuant to 28 U.S.C. § 1782 by PV Group Limited through its attorneys Lewis Baach Kaufmann Middlemiss PLLC, and the Court having considered the Motion and the Protective Agreement attached thereto as Exhibit A;

IT IS on this 21st day of September 2018,

**ORDERED** that the Protective Agreement shall govern the treatment of the disclosures made by Bank of New York Mellon in response to the subpoena served by petitioner and petitioner and BNYM's rights and obligations relating thereto.

**SO ORDERED**.

_____
J. PAUL OETKEN
United States District Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

**IN RE APPLICATION OF PV GROUP
LIMITED FOR JUDICIAL
ASSISTANCE PURSUANT TO 28 U.S.C.
§ 1782**
                                                                    Case No. 18-mc-376

------------------------------------------------------------------X

## PROTECTIVE AGREEMENT

**IT IS HEREBY STIPULATED AND AGREED** that Applicant PV Group Limited by and through its counsel Tara J. Plochocki (the "Applicant"), and non-party The Bank of New York Mellon (the "Bank") by and through their respective undersigned counsel, as follows:

1. This Protective Agreement (the "Agreement") applies to "Confidential Information," as defined below, produced or otherwise disclosed by Bank to Applicant.

2. The term "Confidential Information" as used in this Agreement means any record, document, thing or information that is designated or labeled "Confidential" by Bank.

3. The Applicant shall have the Agreement entered by the Court before Confidential Information is shared with the Applicant.

4. Confidential Information subject to this Agreement shall only be used in connection with the above-captioned matter (the "Action") or other proceeding that becomes available to Applicant for claims related to the Action including, but not limited to, any related action brought by the Applicant to enforce any order or judgment rendered in the Action.

5. Confidential Information may be used in connection with discovery proceedings and as evidence in any application, motion, hearing, trial or other proceeding in the Action and any related action brought by Applicant to enforce any order issued or judgment rendered in the Action.

6. Once Confidential Information is produced, it may be disclosed, summarized or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Action:

    a. counsel who represent parties in the Action, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Stipulation;

    b. experts or consultants assisting counsel for those parties, pursuant to Paragraph 5 of this Stipulation;

    c. potential or anticipated witnesses and their counsel, pursuant to Paragraph 5 of this Stipulation;

    d. the courts in the Action;

    e. court reporters employed in connection with the Action; and

    f. any person that may be examined as a witness at trial concerning any Confidential Information.

7. Before counsel may show or disclose Confidential Information to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Stipulation. Any disclosure of Confidential Information to witnesses, experts and/or consultants must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action.

8. Confidential Information shall not be used or disclosed for any purpose that is not directly related to the Action, any other related action brought to enforce any order issued or judgment rendered in the Action, or actions against any individuals or entities related to, managed by, or associated with the entities listed in the subpoena that was served on Bank in connection with the above-captioned matter.

9. The inadvertent disclosure by Bank of any information subject to the claim of attorney-client privilege, attorney work-product or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim. Neither shall this Agreement be construed as requiring Bank or any other branch or subsidiary of the Bank to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of such law shall not be considered as a waiver thereof.

10. Applicant and Bank further recognize that the obligations embodied herein shall not apply to information already in the public domain, or information already known to counsel of the Applicant or Applicant, consultants or experts, or information obtained from a third party not under any obligation of confidentiality to Bank regarding the information.

11. Any Confidential Information filed or otherwise submitted in any court proceeding related to this action shall be lodged under seal. Any person filing, submitting or otherwise using Confidential Information in any such proceeding shall make every reasonable effort to prevent the Confidential Information from becoming part of the public record, including, without limitation, seeking an order permanently excluding any Confidential Information used in the proceeding from the public record.

12. The obligations under this Agreement shall survive the termination of the above-captioned action and the Action and continue to bind Applicant and Bank and the parties to whom Confidential Information is disclosed.

13. This Agreement may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall have the same force and effect as original signatures.

14. This Agreement shall be governed by, and construed and interpreted in accordance with, the law of the State of New York.  Any action or proceeding related in any way to this Agreement shall be brought in any State or Federal court located in the 10th Judicial District, State of New York.  The parties hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding.

Dated:  September 17, 2018

| | |
|---|---|
| By:_____ | By:_____ |
| Tara J. Plochocki | Jessica W. Rhea |
| LEWIS BAACH KAUFMANN MIDDLEMISS PLLC | THE BANK OF NEW YORK MELLON |
| The Chrysler Building | 500 Grant Street, Suite 1915 |
| 405 Lexington Avenue, 62nd Floor | Pittsburgh, PA 15258 |
| New York, New York 10174 | Telephone: (412) 234-1508 |
| Tel: (212) 826-7001 | Jessica.Rhea@bnymellon.com |
| Fax: (212) 826-7146 | |
| tara.plochocki@lbkmlaw.com | |
| | |
| *Counsel for PV Group Limited* | *Counsel for The Bank of New York Mellon* |

13. This Agreement may be signed by counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall have the same force and effect as original signatures.

14. This Agreement shall be governed by, and construed and interpreted in accordance with, the law of the State of New York. Any action or proceeding related in any way to this Agreement shall be brought in any State or Federal court located in the 10th Judicial District, State of New York. The parties hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding.

Dated:

By: _____
Tara J. Plochocki

LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
The Chrysler Building
405 Lexington Avenue, 62nd Floor
New York, New York 10174
Tel: (212) 826 7001
Fax: (212) 826-7146
tara.plochocki@lbkmlaw.com

*Counsel for PV Group Limited*

By: /s/ Jessica W. Rhea
Jessica W. Rhea

THE BANK OF NEW YORK MELLON
500 Grant Street, Suite 1915
Pittsburgh, PA 15258
Telephone: (412) 234-1508
Jessica.Rhea@bnymellon.com

*Counsel for The Bank of New York Mellon*